**Affirmed and Majority and Concurring Opinions filed May 14, 2019.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-18-00341-CV

---

### CHARLES FRANKS, Appellant

### V.

### LIBERTY COUNTY MUTUAL INSURANCE COMPANY, Appellee

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-49231**

---

## CONCURRING OPINION

Because this court is bound by Tex. Ins. Code § 1952.104(3), the terms of the policy, and precedent, I concur in the majority opinion. However, automobile insurance contracts, such as the one in this case, should contain clear definitions and exclusion language that will be understood by the average policyholder, thereby allowing the policyholder to make a truly informed decision about the coverage purchased.

The purpose of the uninsured motorist statute is protection of insured motorists from irresponsible underinsured, uninsured, or unidentified motorists. *Jankowiak v. Allstate Prop. & Cas. Ins. Co.,* 201 S.W.3d 200, 210 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378, 382 (Tex. 1989)). In this case, the motorist who caused the accident was unidentified, and there was no physical contact with appellant's vehicle. Our courts have consistently held physical contact between the insured and any unidentified vehicle is required for coverage to apply under the uninsured/underinsured provisions of a policy such as the one in this case. *Goen v. Trinity Universal In.Co. of Kansas, Inc.*, 715 S.W.2d 124, 126 (Tex. Civ. App.—Texarkana, 1986, no writ); *Mayer v. State Farm Mut. Auto Ins. Co*. 870 S.W. 2d 623, 625 (Tex. App—Houston [1st Dist.] 1994, reh. overruled). The stated purpose of requiring actual physical in Tex. Ins. Code § 1952.104(3) is to prevent fraudulent claims against "phantom cars," but in this case there is no dispute as to appellant's claim that an unidentified driver existed and caused this wreck.

Policyholders should be aware, when purchasing uninsured/underinsured coverage, that claims involving an unidentified, but undisputedly negligent driver, whose vehicle does not make physical contact with the unidentified driver's vehicle, may be excluded from coverage, especially when the terms of the policy make it difficult to ascertain coverage.

/s/    Margaret "Meg" Poissant
       Justice

Panel consists of Justices Christopher, Hassan, and Poissant. (Poissant, J. majority).